[Cite as *State v. Schirmer*, 2012-Ohio-5543.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case Nos. 25147 |
| Plaintiff-Appellee | : | 25148 |
| | : | |
| v. | : | Trial Court Case Nos. 2011-CR-3171 |
| | : | 2011-CR-2545 |
| STANLEY D. SCHIRMER | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of November, 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by CARLEY J. INGRAM, Atty. Reg. #0020084, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

MELISSA REPLOGLE, Atty. Reg. #0084215, Replogle Law Office, LLC, 2312 Far Hills Avenue, #145, Dayton, Ohio 45419
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}    In these two appeals, defendant-appellant Stanley Schirmer appeals from his

convictions and sentences, in two indicted cases, for two counts of Theft, and one count of Burglary, following guilty pleas in each case. Schirmer's appointed appellate counsel has filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that she has not been able to find any potential assignments of error having arguable merit. After performing an independent review of the record, we have not found any potential assignments of error having arguable merit, either. Accordingly, the judgments of the trial court in both of these cases are Affirmed.

## I. The Course of Proceedings

{¶ 2} In Case No. 2011-CR-3171 in the trial court, Schirmer was indicted for Theft, in violation of R.C. 2913.02(A)(1), of property listed in R.C. 2913.71 (checks belonging to Wanda Morgan), a felony of the fifth degree; for five counts of Forgery, in violation of R.C. 2913.31(A)(3), felonies of the fifth degree; and, in a separate indictment, for Theft of currency having a value of $500 or more from Fifth Third Bank, in violation of R.C. 2913.02(A)(3). Case No. 25147 in this court is his appeal from the judgment in that case.

{¶ 3} In Case No. 2011-CR-02545 in the trial court, Schirmer was indicted for Burglary, in violation of R.C. 2911.12(A)(3), a felony of the third degree. Case No. 25148 in this court is his appeal from the judgment in that case.

{¶ 4} In the Burglary case, Schirmer moved for a competency evaluation and pled not guilty by reason of insanity. A competency evaluation was ordered; it appears that a competency hearing was held; and the trial court found Schirmer competent to stand trial.

{¶ 5} Eventually, Schirmer and the State entered into a plea bargain covering both

cases. Schirmer agreed to plead guilty to the two Theft charges and the Burglary charge; the State agreed to dismiss the five Forgery charges, and to cap Schirmer's total sentence at eighteen months. The trial court held a plea hearing covering both cases, accepted the pleas, and ordered a pre-sentence investigation.

{¶ 6} At the sentencing hearing, the trial court sentenced Schirmer to twelve months – the maximum – on each of the Theft offenses, and to eighteen months (the maximum sentence being 36 months) for the Burglary offense, with all sentences to be served concurrently, for a total sentence of eighteen months. The trial court also ordered restitution in the amount of $480 to James Zadbell, the victim of the Burglary, and in the amount of $615 to Fifth Third Bank, the victim of one of the Theft offenses. Schirmer did not object to the amount of restitution ordered.

{¶ 7} From his convictions and sentences, Schirmer appeals.


## II. No Potential Assignments of Error Having Arguable Merit Found

{¶ 8} Assigned counsel having filed an *Anders* brief, this court afforded Schirmer the opportunity to file his own, pro se brief, by entry dated August 22, 2012. He has not done so.

{¶ 9} We have independently reviewed the entire record of both appeals. The plea hearing was conducted in full compliance with Crim.R. 11(C)(2). The trial court specifically advised Schirmer that by pleading guilty he would be giving up the ability to challenge any pre-trial rulings on appeal. There is nothing in the record to suggest that Schirmer did not understand the rights he was giving up by pleading guilty.

{¶ 10} The sentence imposed was consistent with the agreement that Schirmer's total sentence would be capped at eighteen months. The specific sentences imposed for the charges to

which Schirmer pled guilty were authorized by 2011 Am.Sub.H.B. 86, which applied to him because he was sentenced after its effective date. Because the trial court did not impose consecutive sentences, it was not required to make the findings specified in R.C. 2929.14(C)(4).

{¶ 11} We find no arguable merit to a claim that the sentence imposed was excessive, or an abuse of discretion. Without consecutive sentencing, the maximum sentence available was thirty-six months, for Burglary; the aggregate sentence imposed was eighteen months, half of that maximum. We have reviewed the pre-sentence investigation report. It reflects that Schirmer has been convicted of misdemeanor offenses seventeen times, and that he has been convicted of felony offenses, before these, twelve times, including four previous Burglaries and four previous Thefts, the most recent of which was in 2008. The trial court referred to Schirmer's extensive criminal record when imposing sentence, and noted that when probation and community control sanctions have been imposed, they have generally been unsuccessful, which is reflected in the pre-sentence investigation report.

{¶ 12} We conclude that the record in these two appeals does not support any potential assignments of error having arguable merit.

### III. Conclusion

{¶ 13} This court having found no potential assignments of error having arguable merit, in either appeal, the judgments of the trial court in Case Nos. 2011-CR-3171 and 2011-CR-02545 are Affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and HALL, J., concur.

**[Cite as *State v. Schirmer*, 2012-Ohio-5543.]**

Copies mailed to:

Mathias H. Heck
Carley J. Ingram
Melissa Replogle
Hon. Mary K. Huffman